OPINION
HAMILTON, Circuit Judge:
This age discrimination in employment case is before us on remand from the United States Supreme Court. See O’Connor v. Consolidated Coin Caterers Corp., — U.S. -, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). The Court granted certiorari in part in O’Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542 (4th Cir.1995) (O’Connor I), see O’Connor v. Consolidated Coin Caterers Corp., — U.S.-, 116 S.Ct. 472, 133 L.Ed.2d 401 (1995), to decide the following question: whether, assuming Title VII’s McDonnell Douglas framework is applicable to claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A §§ 621-634 (West 1985 & Supp.1994), an ADEA plaintiff need show that he was replaced by someone outside the age group protected by the ADEA in order to establish a prima facie case in a non-reduetion-in-force context. Concluding that a plaintiff nee/d not, the Court reversed our holding to the contrary. The Court then remanded the ease to us for further proceedings consistent with its opinion. On remand, we have considered whether James O’Connor (O’Connor), now relieved of the burden of establishing that he was replaced by someone outside the protected class (i.e. under forty years of age) in order to establish a prima facie case under the McDonnell Douglas burden-shifting proof scheme, has proffered sufficient evidence to withstand Consolidated Coin Caterers Corporation’s (Consolidated Coin) motion for summary judgment. We conclude that he has not. Accordingly, we affirm.
I.
The facts of this ease and our standard of review are ably set forth in O’Connor I and, therefore, do not warrant repeating here. See O’Connor I, 56 F.3d at 543-545. We, thus, move directly to analyzing whether, in light of the Court’s opinion, O’Connor’s proffered evidence of age discrimination can withstand Consolidated Coin’s motion for summary judgment. Our analysis considers this question under the burden-shifting proof scheme articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), in the non-reduction-in-foree context and the reduction-in-force context, and under ordinary standards of proof by direct and indirect evidence.
Under the burden-shifting proof scheme, once a plaintiff establishes a prima facie ease of discrimination, a presumption of discrimination arises and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. See St. Mary’s Honor Center v. Hicks, 509 U.S. 502, 506-08, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). If the employer carries this burden of production, the presumption “drops out of the picture,” id. at 510-11, 113 S.Ct. at 2749, and the plaintiff bears the ultimate burden of proving both that the employer’s asserted reason was pretextual and that the plaintiffs age was the true reason for the challenged employment decision. Id. at 515-17, 113 S.Ct. at 2752.
We first hold that O’Connor cannot prevail on his ADEA claim in the non-reduetion-in-force context under the burden-shifting proof scheme articulated for Title VII cases in McDonnell Douglas. O’Connor fails to meet the third element of the prima facie case — at the time of discharge, the plaintiff was performing his job at a level that met his employer’s legitimate expectations. See Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir.1993). In reaching this conclusion, we rely on our express reasoning in O’Connor I for our conclusion there that O’Connor failed to meet the nearly identical element in the reduction-in-force context. In O’Connor I, after discussion of the evidence, we concluded that O’Connor failed to meet the third element of the prima facie ease under the McDonnell Douglas proof scheme in the reduction-in-force context — the plaintiff was performing at a level substantially equivalent to the lowest level of those of the group retained. O’Connor I, 56 F.3d at 547. There, we recognized that the third element in the reduction-in-foree context demanded *720 that O’Connor proffer essentially the same evidence necessary to satisfy the third element of the prima face case in the non-reduction-in-force context. See id.
Next, we hold that O’Connor cannot prevail on his ADEA claim in the reduction-in-force context under the burden-shifting proof scheme articulated for Title VII cases in McDonnell Douglas because, for the reasons stated in O’Connor I, he fails to meet the third element necessary to establish a prima facie case. See Mitchell, 12 F.3d at 1315.
Even assuming arguendo that O’Con-nor established a prima facie ease of age discrimination, after reviewing the evidence, we conclude that he did not meet his ultimate burden of proving that Consolidated Coin’s asserted reason was pretextual and that his age was the true reason for its challenged employment decision. In O’Connor I, we explained the infirmities with respect to O’Connor’s direct evidence in section III.A and his indirect evidence in section II.B. See id at 546-50. The same reasoning applies here with equal force.
Finally, for the reasons stated in O’Connor I, we hold that O’Connor cannot survive Consolidated Coin’s motion for summary judgment under his proffer of direct and indirect evidence. See id.
II.
In conclusion, we affirm the district court’s grant of summary judgment in favor of Consolidated Coin.

AFFIRMED.