UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATSY T. CRANFILL,
<u>Plaintiff-Appellant,</u>

v.

WINSTON-SALEM HOUSING AUTHORITY;
BOARD OF COMMISSIONERS OF

No. 95-2907

WINSTON-SALEM HOUSING AUTHORITY;
ARTHUR S. MILLIGAN, JR.,
Individually and as Executive
Director of the Housing Authority
of the City of Winston-Salem,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CA-94-349-6)

Submitted: July 23, 1996

Decided: August 1, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Gary Vannoy, VANNOY, MOORE, COLVARD, TRIPLETT &
FREEMAN, North Wilkesboro, North Carolina; James H. Early, Jr.,

Winston-Salem, North Carolina, for Appellant. Anthony H. Brett, Allan R. Gitter, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Patsy T. Cranfill appeals from the district court's order granting judgment in favor of Defendants and dismissing her action claiming violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621-34 (West 1985 & Supp. 1995), and 42 U.S.C. § 1981 (1988); due process; the Employee Retirement Income Security Act, 29 U.S.C. § 1140 (1988); and various state claims arising out of her employment with and termination of employment with Defendant Housing Authority of the City of Winston-Salem (Housing Authority). Specifically, Cranfill appeals from the district court's grant of summary judgment relative to four claims: (1) violation of her right to due process under the Fourteenth Amendment to the United States Constitution; (2) intentional discrimination on the basis of her race (white); (3) intentional discrimination on the basis of her age (60); and (4) discrimination in violation of the public policy of the State of North Carolina. Our review of the record and the district court's detailed and cogent opinion discloses that this appeal is without merit. For the reasons set forth below, we affirm the district court's grant of summary judgment on the four issues Cranfill raises on appeal.

Cranfill first claims that she was denied due process as to her employment termination because the pre-termination hearing she was offered--and which she refused--was to be conducted by the same individual who had suspended her. We find that the district court properly granted summary judgment on this claim. See Boston v.

2

Webb, 783 F.2d 1163, 1166 (4th Cir. 1986); DeSarno v. Department of Commerce, 761 F.2d 657, 660 (D.C. Cir. 1985).

Cranfill's § 1981 claim relating to the selection of a black female to the position of Deputy Executive Director of the Housing Authority is without merit because even assuming that Cranfill established a prima facie case of discrimination, we find that the district court properly found that she failed to rebut the legitimate, nondiscriminatory reasons the Housing Authority established for selecting the other individual. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 n.10 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991).

Likewise without merit is Cranfill's ADEA claim that her termination was age motivated. While we agree with the district court's finding that Cranfill established a prima facie case of employment discrimination as to this claim,* we further agree that she failed to rebut the legitimate, nondiscriminatory reason Defendants proffered to support Cranfill's termination. See Burdine , 450 U.S. at 254-56; Conkwright, 933 F.2d at 234-35. Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

Finally, given that Cranfill's federal claims are without merit, we find that the district court properly dismissed her claim of discrimination in violation of North Carolina public policy. See North Carolina Dep't of Correction v. Gibson, 301 S.E.2d 78, 82 (N.C. 1983).

We therefore affirm the dismissal of this action on the reasoning of the district court. Cranfill v. Winston-Salem Housing Authority, No. CA-94-349-6 (M.D.N.C. Sept. 29, 1995). We dispense with oral argument because the facts and legal contentions are adequately

_____

*See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. April 1, 1996) (No. 95-354); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

3

presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED