**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN J. ABOOD,
Plaintiff-Appellant,

v.

No. 96-1689

J. BRIAN ATWOOD, Administrator,
United States Agency for
International Development,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-95-1663-A)

Submitted: November 7, 1996

Decided: November 21, 1996

Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Abood, Appellant Pro Se. Jeri Kaylene Somers, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John J. Abood appeals from the district court's order dismissing his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A.§ 2000e (West 1994), and 42 U.S.C. § 1981 (1994). Abood alleged discrimination on the basis of his gender, race and national origin.

Our review of the record and the district court's opinion discloses that this appeal is without merit. Even assuming Abood established a prima facie case of employment discrimination, see O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. April 1, 1996) (No. 95-354); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Alvarado v. Board of Trustees, 928 F.2d 118, 121 (4th Cir. 1991), we find that he failed to disprove the legitimate, nondiscriminatory reasons Defendant proffered to support its selection of an individual other than Abood for promotion. See Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

We further find that the district court properly determined that Abood's claim of disparate impact is likewise subject to dismissal based on Abood's failure to exhaust his available administrative remedies, and on the merits. See Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1130 (4th Cir. 1995); Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3311 (U.S. Oct. 30, 1995) (No. 95-396). Finally, we agree with the district court that Abood's claim of interference with employment contract fails to state a claim upon which relief can be granted. We therefore affirm the district court's order granting Defen-

2

dant's motion to dismiss or for summary judgment, and dismissing Abood's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3