**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RONALD M. LEWIS,
Plaintiff-Appellant,

v.

No. 96-1845

MARVIN RUNYON, Postmaster
General - United States Postal
Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1287-A)

Submitted: December 12, 1996

Decided: December 24, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald M. Lewis, Appellant Pro Se. James Ennis Macklin, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald M. Lewis appeals from the district court's order dismissing his employment discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-16 (West 1994). Lewis alleged discrimination on the basis of his race (black) and sex (male) arising out of his job termination. At the close of Lewis' trial evidence, the district court granted Defendant's Fed. R. Civ. P. 52 motion.

On appeal from judgment after a bench trial, this court will not disturb the district court's findings of fact unless clearly erroneous. Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Carter v. Ball, 33 F.3d 450, 457 (4th Cir. 1994). Our review of the record and the district court's reasoning discloses that this appeal is without merit.

Lewis failed to establish a prima facie case of discriminatory discharge. See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. Apr. 1, 1996) (No. 95-354); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir.), cert. denied, 506 U.S. 823 (1992). Moreover, given that Lewis failed to demonstrate that the individual who decided to terminate him was aware of the prior Equal Employment Opportunity complaints Lewis had filed, or that a causal connection existed between the protected activity and the adverse action, Lewis likewise has failed to make out a prima facie case of retaliatory discharge. See Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. at 574. We therefore affirm the district court's order. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED