**Filed 1/8/97**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EZELL SWAIN,

      Plaintiff - Appellant,

v.

NORMAC FOODS, INC.,

      Defendant - Appellee.

No. 96-6218

W.D. Oklahoma

(D.C. No. CIV-94-393-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ezell Swain appeals the grant of an adverse summary judgment in his Title VII[1] sex discrimination action against Normac Foods, Inc. ("Normac"). He alleges in his suit that Normac discharged him because he is a male. On appeal, he contends that the district court erred in determining that he failed to present facts showing that Normac's stated reason for terminating him -- violation of a work rule -- was pretextual.[2] We affirm.

The facts are fully set forth in the district court's opinion, Appellant's App. at 150-52, and need not be repeated here except as relevant to our analysis. We review de novo the district court's grant of summary judgment. First Savings Bank, F.S.B. v. First Bank System, Inc, 101 F.3d 645, 650 (10th Cir. 1996). Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] material fact is one which might affect the outcome of the dispute under the applicable law." Ulissey v. Shvartsman, 61 F.3d 805, 808 (10th Cir. 1995).

Typically, a prima facie case in a job termination situation requires a showing that 1) the plaintiff belongs to a protected class; 2) the plaintiff was terminated for violating a work rule; and 3) similarly situated non-minority employees who violated rules of

---

[1]42 U.S.C. §§ 2000e - 2000e-17.

[2]In fact, Swain's failure to demonstrate pretext was the basis of the court's alternative holding. Swain does not address the district court's primary holding, that he failed to present a prima facie case.

comparable seriousness were treated differently.[3]  EEOC v. Flasher Co., 986 F.2d 1312,

1316 (10th Cir. 1992).  However, because Swain is male, he belongs to an historically

favored group.  Therefore, as the district court correctly noted, the typical prima facie

case is adjusted for the specific context of reverse discrimination.  Sanchez v. Philip

Morris Inc., 992 F.2d 244, 248 (10th Cir. 1993).  Instead of showing membership in a

protected class, Swain must establish background circumstances which support an

inference that Normac is an unusual employer who discriminates against the majority.  Id.

We agree with the district court that Swain made no showing of any such

background circumstances.  We also note that Swain presented no facts tending to show

that any female employee accused of work rule violations received different or more

favorable treatment.  Consequently, he failed to establish a prima facie case of reverse

discrimination.

Inasmuch as Swain's brief to us speaks solely to the district court's alternative

holding, that he failed to demonstrate that Normac's stated reasons for terminating him

---

[3]The district court noted that the Supreme Court has recently abrogated the final factor in the context of age discrimination.  "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age* . . . .  Because it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the McDonnell Douglas prima facie case."  O'Connor v. Consolidated Coin Caterers Corp., 116 S. Ct. 1307, 1310 (1996).  The rationale behind O'Connor's holding, that a 56-year-old who is replaced by a 40-year-old may be just as much a victim of age discrimination as a 40-year-old who is replaced by a 39-year-old, probably does not apply to claims of sex discrimination; but we need not address that issue here.

were pretextual, we also address that holding.[4]  Assuming, arguendo, that Swain had

somehow presented a prima facie case, Normac properly rebutted it by producing

evidence that it had legitimate, nondiscriminatory reasons for its actions.  See McDonnell

Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The burden then shifted back to

Swain to show that Normac's stated reasons were a pretext for the prohibited

discrimination.  Id. at 804.

The district court exhaustively detailed Swain's failure to present any evidence of

pretext, noting that Swain's argument was, essentially, irrelevant to a Title VII inquiry:

> Swain has failed to come forward with any specific facts of credible
> evidence supporting his discrimination claims . . . .  Swain has produced no
> evidence that Normac did not believe the complaints of Ms. Coulter when
> Normac terminated Swain . . . .  Nor has Swain produced any evidence that
> his termination was for any reason other than his repeated acts of sexual
> harassment toward fellow employees and a violation of a final written
> warning that any further such conduct would result in termination.
>
> Instead, in his response to Normac's motion for summary judgment,
> Swain focuses on whether or not the alleged harassment actually occurred
> or if there was another reason, related to their past relationship, that Ms.
> Coulter charged Swain with sexual harassment.  However, the court finds
> that the relevant inquiry is not whether the alleged sexual harassment
> actually took place; rather the relevant inquiry is whether Normac's
> management believed at the time Swain was discharged that he had
> continued to harass his co-employees and, as a result, had disregarded a
> final written warning.  See Waggoner v. City of Garland, 987 F.2d 1160,
> 1165 (5th Cir. 1993). . . .

---

[4]Swain's brief purports to address the issue of pretext, although his main complaint
is that Normac failed to fairly investigate the sexual harassment charges against him.
However, he cites no authority for his argument that Normac's investigation was legally
insufficient, and he fails to identify any discriminatory motives.

Swain has produced no evidence that Normac did not believe the complaints of Ms. Coulter . . . . Nor has he produced any evidence that his termination was for any reason other than his repeated acts of sexual harassment toward fellow employees and a violation of a written warning that any further such conduct would result in termination. Mr. Swain may disagree with Normac's decision but such disagreement does not constitute pretext.

Appellant's App. at 157-59. We agree.

Accordingly, for the reasons stated above, the district court's order is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge