**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERNARD PARRISH,
Plaintiff-Appellant,

v.

No. 96-1532

UNITED STEELWORKERS OF AMERICA,
AFL-CIO LOCAL 6660,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-1824-S)

Submitted: May 30, 1997

Decided: June 27, 1997

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sherrie T. Howell-Young, Norris C. Ramsey, Baltimore, Maryland,
for Appellant. W. Gary Kohlman, Virginia A. Seitz, BREDHOFF &
KAISER, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bernard Parrish appeals from the district court's order granting summary judgment in favor of the United Steelworkers of America (USWA). Parrish filed this employment discrimination case when he was demoted and replaced with William Nugent, a younger individual. As a result of this demotion, Parrish claimed that the USWA engaged in impermissible discrimination based on his race, 42 U.S.C. § 2000e-2 (1994), and age, 29 U.S.C. #8E8E # 621-634 (1994). The district court granted summary judgment in favor of USWA, but in doing so, relied on this court's opinion in <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 56 F.3d 542 (4th Cir.), <u>rev'd</u>, 116 S. Ct. 1307 (1996), to conclude that Parrish had not stated a prima facie case of age discrimination. With regard to the claim of racial discrimination, the district court concluded that, even assuming a prima facie case, Parrish failed to show that the USWA's proffered nondiscriminatory reason for his demotion was pretext for discrimination on the basis of his race.

This court reviews grants of motions for summary judgment in discrimination cases de novo. <u>Henson v. Liggett Group</u>, 61 F.3d 270, 274 (4th Cir. 1995). Both parties agree, as they must, that the Supreme Court expressly stated that a plaintiff need not show that the employer replaced him with someone outside of the protected class to state a prima facie case. <u>See O'Connor</u>, 116 S. Ct. at 1310. Rather, a plaintiff need only show that the employer replaced him with someone "substantially" younger. <u>Id.</u> Consequently, although it was not error for the district court to conclude that Parrish had not made a prima facie showing at the time, we review the appeal in light of the Supreme Court's recent decision.

The district court assumed the existence of a prima facie case of racial discrimination. <u>See McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). With the change in the elements of the prima facie case for age discrimination brought about by <u>O'Connor</u>, we find it appropriate to also assume for the purposes of this appeal that Parrish established a prima facie case of age discrimination, as it is undisputed that Nugent is "substantially" younger than Parrish. Conse-

2

quently, with the prima facie case of age and race discrimination established, the burden shifts to the employer to rebut the inference of discrimination with evidence of a legitimate nondiscriminatory reason for the demotion. Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994). USWA has met this burden.

In this case, USWA proffered legitimate reasons for Parrish's demotion. Primarily, the Union explained that Parrish's activities had eroded the trust of his immediate supervisor, District Director Dave Wilson, and caused Wilson to suspect the conviction of Parrish's loyalties. Those qualities of trust and allegiance were cornerstone qualifications for the position and USWA has advanced ample proof of Parrish's activities that would understandably shake Wilson's confidence in Parrish.

Once the defendant provides the nondiscriminatory reason for the adverse action, as USWA has, the plaintiff must show by a preponderance of the evidence that the employer's asserted justification for taking adverse employment action was merely pretextual, and "that discrimination was the real reason" behind the adverse employment action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The employer is entitled to summary judgment if the plaintiff fails to raise a factual dispute regarding the proffered reasons for the alleged discriminatory act. Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

As a threshold matter, "employers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual" employment action. Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir.), cert. denied, 116 S. Ct. 380 (1995). It is undisputed that Wilson, who brought about Parrish's demotion, was instrumental in the two promotions that Parrish previously received. At the time of both promotions, there is also no dispute that Wilson knew Parrish was over 40 years of age and black. Against that backdrop, Parrish is unable to present sufficient evidence either that the reasons were pretextual or that the action was discriminatory.

Although Parrish identifies several tangential disputes in his attempt to show that there remained a genuine issue of material fact,

3

the most on point is his suggestion that a controversy remained regarding his loyalty to Wilson and his qualification for the Assistant to the Director position. Because loyalty and allegiance were advanced by USWA as the paramount qualifications for the position, the two issues are inextricably linked. However, Parrish never claims that he was unfailingly loyal to Wilson; instead he advances his own belief, unsupported by any other evidence, that the qualification for the job was loyalty to USWA generally instead of to Wilson in particular. Although this may have been his interpretation of the qualifications for the job, it is clear from the record that he was the only one who construed the position in this manner. USWA president George Becker expressly listed an individual's trustworthiness and allegiance to the District Director as virtually the only qualifications for the job.

To justify his failure to support Wilson's candidacy for the District Directorship, which he does not dispute, Parrish points to a statement at a staff meeting from Wilson some nine years prior that everyone could support whomever they chose. Notwithstanding his statement, Wilson could legitimately expect a much higher standard of loyalty from a candidate for a position as his trusted assistant than from ordinary members of his staff. Parrish does not sufficiently show that his failure to support Wilson in the election was not actually considered in determining his loyalty.

Parrish similarly attempts to minimize the fact that, by his own admission, he took a position contrary to Wilson's with regard to proceedings against a local union. Regardless of Parrish's beliefs that a local officer was entitled to representation by whatever member of USWA the officer chose, Parrish cannot dispute the fact that his support of the officer placed him at direct loggerheads with Wilson and could not do anything but erode Wilson's trust in him. As a result, Parrish has cast virtually no doubt on USWA's proffered nondiscriminatory reasons for his demotion, much less overcome the fact that Wilson was the one to promote him twice in the past. Cf. Jiminez, 57 F.3d at 378 (concluding that when employee is hired and fired by the same person, that is strong evidence that employer's reason for firing employee was not pretextual).

In light of the fact that Parrish has presented no evidence of age or race discrimination, and that he has failed to show that USWA's prof-

4

fered nondiscriminatory reason was pretextual and a cover for a true discriminatory motive, <u>Hicks</u> at 575, we conclude that the district court did not err in granting summary judgment, notwithstanding the misplaced reliance on this Court's opinion in <u>O'Connor</u>. Accordingly, we affirm the district court's order. We have previously dispensed with oral argument on the motion of the parties because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>