UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHNNIE M. FULWOOD,
Plaintiff-Appellant,

v.

JESSE BROWN, Secretary of
Department of Veterans Affairs;

No. 98-1505

DEPARTMENT OF VETERANS AFFAIRS;
MERIT SYSTEM PROTECTION BOARD;
MAURICIO PONCE; ROBERT ATHEY;
JANE SCHILKE, in their individual and
official capacities,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-97-31-3-19BC)

Submitted: November 10, 1998

Decided: December 2, 1998

Before WIDENER and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Laura P. Valtorta, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Barbara M. Bowens, OFFICE OF THE

UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnnie Fulwood, a former renal dietician for the Department of Veterans Affairs, appeals from the district court's order accepting the magistrate judge's recommendation to grant the Defendants' motion for summary judgment in her action alleging racial and age discrimination and retaliatory discharge. We have reviewed the parties' briefs, the joint appendix, and the district court's opinion. Finding no error, we affirm.

Fulwood was hired in 1971 and terminated in 1995 at the age of 47. She became a union representative in 1991, and as a union representative, she successfully represented union members in grievance hearings. Fulwood filed the instant action alleging that after the union's favorable outcomes in two grievance proceedings, she was subjected to increased and unfair scrutiny and that she was given an unfair workload relative to other dieticians. She also alleged that as the oldest dietician, she was improperly scrutinized because of her age, and as the only African-American dietician, she was improperly scrutinized because of her race. She also alleged that her working conditions were made more difficult because of her race.

Viewing the evidence in the light most favorable to Fulwood, see Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc), we find that Fulwood failed to establish a prima facie case of racial or age discrimination because she failed to demonstrate that she was performing her job satisfactorily. See O'Connor v. Consolidated Coin Caterers, 517 U.S. 308, 312-13 (1996) (articulating standard for age

2

discrimination); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-05 (1973) (articulating standard for discrimination claims under Title VII). Further, even assuming Fulwood established a prima facie case of retaliatory discharge, we find that the Defendants have articulated a legitimate non-discriminatory and non-retaliatory reason for their action. <u>See Williams v. Cerberonics, Inc.</u> , 871 F.2d 452, 457 (4th Cir. 1989). Fulwood's unsatifactory work performance and her failure to improve when afforded an opportunity provided a substantial reason for her termination. <u>See Carter v. Ball</u>, 33 F.3d 450, 459 (4th Cir. 1994). Fulwood has failed to demonstrate that the Defendants' proffered reason for her termination was pretextual.

Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Fulwood v. Brown</u>, No. CA-97-31-3-19BC (D.S.C. Mar. 3, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3