UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

DEBBIE EVELYN PARKS,
            *Plaintiff-Appellant,*

v.

STUART SIMS, Secretary; DIVISION OF
CORRECTION, Department of Public
Safety and Correctional Services,
            *Defendants-Appellees.*

No. 00-1464

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-278-S)

Submitted: October 26, 2000

Decided: November 3, 2000

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Doris Green Walker, Glen Burnie, Maryland, for Appellant. J. Joseph
Curran, Jr., Attorney General, Alan D. Eason, Assistant Attorney
General, Karl A. Pothier, Assistant Attorney General, Baltimore,
Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Debbie Evelyn Parks appeals from the district court's order grant-
ing summary judgment in favor of her employer, Maryland Depart-
ment of Corrections ("MDOC"), and dismissing her employment
discrimination action alleging violations of Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e (West 1994),
and Maryland common law. Parks limits her appeal to claimed gender
discrimination, disparate treatment, hostile work environment, and
retaliation.

Our review of the record and the district court's opinion discloses
that this appeal is without merit. We find that Parks failed to establish
a prima facie case of discrimination. *See O'Connor v. Consolidated
Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also McDon-
nell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lawrence v.
Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir. 1992). Specifically, we
find no genuine issue of material fact contrary to the district court's
conclusion that the discipline Parks received for violations of applica-
ble rules of procedure was no more severe than that imposed upon
other correctional officers outside her protected class for comparable
offenses.

We agree with the district court that Parks failed to establish a dis-
parate treatment claim, given that the actions Parks claims were
actionable did not adversely change the essential terms, conditions, or
benefits of her employment. *See e.g.*, *Munday v. Waste Management
of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997). Similarly, Parks'
allegations of hostile work environment fail because, as the district
court held, the conduct of which she complained was not so extreme,
severe, or pervasive so as to amount to a change in the terms and con-
ditions of her employment, but rather constituted non-actionable ordi-
nary adversities of the workplace. *See Faragher v. City of Boca*

*Raton*, 524 U.S. 775, 788 (1998). Again because she failed to demonstrate an actionable adverse employment action, we find that the district court properly dismissed Parks' retaliation claim. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442 (4th Cir. 1998) (applying *McDonnell Douglas* scheme to retaliation claims).

Finally, we find that even assuming, *arguendo*, that Parks established a prima facie case of employment discrimination, she failed to rebut the legitimate, nondiscriminatory reasons MDOC proffered to support its decisions regarding her discipline and employment. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234-35 (4th Cir. 1991). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of MDOC. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*