**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

ANGELA M. MAYS,

*Plaintiff-Appellant,*

v.

CITY SCHOOL BOARD FOR THE
CITY OF LYNCHBURG, VIRGINIA,

*Defendant-Appellee.*

No. 00-2020

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CA-99-59-6)

Submitted: February 22, 2001

Decided: March 2, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Charles H. Osterhoudt, Kristen Konrad Johnstone, OSTERHOUDT,
FERGUSON, NATT, AGEE & KIDD, P.C., Roanoke, Virginia, for
Appellant. Mary E. McGowan, SICILIANO, ELLIS, DYER & BOC-
CAROSSE, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Angela M. Mays appeals from the district court's order granting summary judgment in favor of her employer, City School Board for the City of Lynchburg ("School Board"), and dismissing her employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e (West 1994). Specifically, Mays claimed that the School Board terminated her employment as a school bus driver in retaliation for complaining about sexual harassment by a coworker, Donald Lawhorne, and further claimed that she was subjected to an abusive and hostile working environment.

Our review of the record and the district court's opinion discloses that this appeal is without merit. We find that Mays failed to establish a prima facie case of discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lawrence v. Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir. 1992). Specifically, we find no genuine issue of material fact contrary to the district court's conclusion that there is no causal connection between Mays' termination for becoming involved in a physical altercation on school property with Lawhorne and her earlier complaints of sexual harassment, particularly given that Lawhorne also was terminated on the same ground.

Similarly, Mays' allegations of hostile work environment fail because, as the district court held, the School Board took prompt and adequate action after February 13, 1998, to prevent and correct the conduct of which Mays complained[1] to her supervisors at the School

---

[1] The School Board had no actual or constructive knowledge of any sexual harassing conduct that occurred in the workplace or affected Mays' work until her report on February 13, 1998. *See Swentak v. USAIR, Inc.*, 830 F.2d 552, 558 (4th Cir. 1987).

Board, including the maintenance of a valid sexual harassment policy, the School Board's referral of Lawhorne to an Employee Assistance Program ("EAP"), its meeting with Lawhorne and his EAP counselor, and its instruction to Lawhorne to stay away from Mays. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Brown v. Perry*, 184 F.3d 388, 396 (4th Cir. 1999). This is particularly so in light of the fact that for a period of five months Mays failed to report any harassment to the School Board, failed to take advantage of the School Board's sexual harassment policy, and failed to avoid harm otherwise.[2]

Finally, we find that even assuming *arguendo* that Mays established a prima facie case of employment discrimination, she failed to rebut the legitimate, nondiscriminatory reason the School Board proffered to support its decision to terminate her employment. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234-35 (4th Cir. 1991). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of the School Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]There is no material disputed fact that after having been directed by her supervisors to stay away from Lawhorne, and despite a prohibition by a local judge preventing Mays from contacting Lawhorne, Mays remained at her workplace after her job was completed, moved her car closer to Lawhorne's vehicle, and lingered there, taking pictures of Lawhorne with another woman, actions which led directly to the altercation which resulted in the terminations of Mays and Lawhorne.