## O'CONNOR *v.* CONSOLIDATED COIN CATERERS CORP.

No. 95–354. Argued February 27, 1996—Decided April 1, 1996

SCALIA, J., delivered the opinion for a unanimous Court.

*George Daly* argued the cause for petitioner. With him on the briefs were *Paul Alan Levy* and *Alan B. Morrison.*

*Paul R. Q. Wolfson* argued the cause for the United States et al. as *amici curiae* urging reversal. With him on the brief were *Solicitor General Days, Assistant Attorney General Patrick, Deputy Solicitor General Bender, C. Gregory Stewart, Gwendolyn Young Reams, Lorraine C. Davis,* and *Barbara L. Sloan.*

*James B. Spears, Jr.,* argued the cause for respondent. With him on the brief were *Jacob J. Modla* and *Robert S. Phifer.**

JUSTICE SCALIA delivered the opinion of the Court.

This case presents the question whether a plaintiff alleging that he was discharged in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U. S. C. § 621 *et seq.,* must show that he was replaced by someone outside the age group protected by the ADEA to make out a prima facie case under the framework established by *McDonnell Douglas Corp.* v. *Green,* 411 U. S. 792 (1973).

Petitioner James O'Connor was employed by respondent Consolidated Coin Caterers Corporation from 1978 until August 10, 1990, when, at age 56, he was fired. Claiming that he had been dismissed because of his age in violation of the ADEA, petitioner brought suit in the United States District Court for the Western District of North Carolina. After discovery, the District Court granted respondent's motion for summary judgment, 829 F. Supp. 155 (1993), and peti-

---

*\*Steven S. Zaleznick* and *Cathy Ventrell-Monsees* filed a brief for the American Association of Retired Persons et al. as *amici curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed for the State of Maryland et al. by *J. Joseph Curran, Jr.,* Attorney General of Maryland, and *Tarra DeShields-Minnis* and *Andrew H. Baida,* Assistant Attorneys General, and by the Attorneys General for their respective States as follows: *Winston Bryant* of Arkansas, *M. Jane Brady* of Delaware, *Frank J. Kelley* of Michigan, *Frankie Sue Del Papa* of Nevada, *Deborah T. Poritz* of New Jersey, *Mark Barnett* of South Dakota, and *W. A. Drew Edmondson* of Oklahoma; for the Chamber of Commerce of the United States by *Marshall B. Babson, Stanley R. Strauss, Sue J. Henry, Stephen A. Bokat, Robin S. Conrad,* and *Mona C. Zeiberg;* for the Equal Employment Advisory Council by *Douglas S. McDowell;* and for the New England Legal Foundation by *Steven S. Ostrach* and *Cynthia L. Amara.*

*Jack L. Whitacre* filed a brief for the National Retail Federation as *amicus curiae.*

tioner appealed. The Court of Appeals for the Fourth Circuit stated that petitioner could establish a prima facie case under *McDonnell Douglas* only if he could prove that (1) he was in the age group protected by the ADEA; (2) he was discharged or demoted; (3) at the time of his discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, he was replaced by someone of comparable qualifications outside the protected class. Since petitioner's replacement was 40 years old, the Court of Appeals concluded that the last element of the prima facie case had not been made out.[1] 56 F. 3d 542, 546 (1995). Finding that petitioner's claim could not survive a motion for summary judgment without benefit of the *McDonnell Douglas* presumption (*i. e.*, "under the ordinary standards of proof used in civil cases," 56 F. 3d, at 548), the Court of Appeals affirmed the judgment of dismissal. We granted O'Connor's petition for certiorari. 516 U. S. 973 (1995).

In *McDonnell Douglas*, we "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." *St. Mary's Honor Center* v. *Hicks*, 509 U. S. 502, 506 (1993). We held that a plaintiff alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e *et seq.*, could establish a prima facie case by showing "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [the] complainant's qualifications." *McDonnell Douglas*,

---

[1] The court also concluded that even under a modified version of the *McDonnell Douglas* prima facie standard which the Fourth Circuit applies to reduction-in-force cases, see *Mitchell* v. *Data General Corp.*, 12 F. 3d 1310, 1315 (1993), petitioner could not prevail. We limit our review to the Fourth Circuit's treatment of this case as a non-reduction-in-force case.

411 U. S., at 802. Once the plaintiff has met this initial burden, the burden of production shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Ibid.* If the trier of fact finds that the elements of the prima facie case are supported by a preponderance of the evidence and the employer remains silent, the court must enter judgment for the plaintiff. *St. Mary's Honor, Center, supra,* at 509–510, and n. 3; *Texas Dept. of Community Affairs* v. *Burdine,* 450 U. S. 248, 254 (1981).

In assessing claims of age discrimination brought under the ADEA, the Fourth Circuit, like others,[2] has applied some variant of the basic evidentiary framework set forth in *McDonnell Douglas.* We have never had occasion to decide whether that application of the Title VII rule to the ADEA context is correct, but since the parties do not contest that point, we shall assume it. Cf. *St. Mary's Honor Center, supra,* at 506, n. 1 (assuming that "the *McDonnell Douglas* framework is fully applicable to racial-discrimination-in-employment claims under 42 U. S. C. § 1983"). On that assumption, the question presented for our determination is what elements must be shown in an ADEA case to establish the prima facie case that triggers the employer's burden of production.

As the very name "prima facie case" suggests, there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it

---

[2] See, *e. g., Roper* v. *Peabody Coal Co.,* 47 F. 3d 925, 926–927 (CA7 1995); *Rinehart* v. *Independence,* 35 F. 3d 1263, 1265 (CA8 1994), cert. denied, 514 U. S. 1096 (1995); *Seman* v. *Coplay Cement Co.,* 26 F. 3d 428, 432, n. 7 (CA3 1994); *Roush* v. *KFC Nat. Mgt. Co.,* 10 F. 3d 392, 396 (CA6 1993), cert. denied, 513 U. S. 808 (1994); *Lindsey* v. *Prive Corp.,* 987 F. 2d 324, 326, n. 5 (CA5 1993); *Goldstein* v. *Manhattan Industries, Inc.,* 758 F. 2d 1435, 1442 (CA11), cert. denied, 474 U. S. 1005 (1985); *Haskell* v. *Kaman Corp.,* 743 F. 2d 113, 119, and n. 1 (CA2 1984); *Cuddy* v. *Carmen,* 694 F. 2d 853, 856–857 (CADC 1982); *Douglas* v. *Anderson,* 656 F. 2d 528, 531–532 (CA9 1981); *Loeb* v. *Textron, Inc.,* 600 F. 2d 1003, 1014–1016 (CA1 1979); *Schwager* v. *Sun Oil Co. of Pa.,* 591 F. 2d 58, 60–61 (CA10 1979).

establishes a "legally mandatory, rebuttable presumption," *Burdine, supra,* at 254, n. 7. The element of replacement by someone under 40 fails this requirement. The discrimination prohibited by the ADEA is discrimination "because of [an] individual's age," 29 U. S. C. § 623(a)(1), though the prohibition is "limited to individuals who are at least 40 years of age," § 631(a). This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older. The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age.* Or to put the point more concretely, there can be no greater inference of *age* discrimination (as opposed to "40 or over" discrimination) when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year-old. Because it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the *McDonnell Douglas* prima facie case.

Perhaps some courts have been induced to adopt the principle urged by respondent in order to avoid creating a prima facie case on the basis of very thin evidence—for example, the replacement of a 68-year-old by a 65-year-old. While the respondent's principle theoretically permits such thin evidence (consider the example above of a 40-year-old replaced by a 39-year-old), as a practical matter it will rarely do so, since the vast majority of age-discrimination claims come from older employees. In our view, however, the proper solution to the problem lies not in making an utterly irrelevant factor an element of the prima facie case, but rather in recognizing that the prima facie case requires *"evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . . ."* *Teamsters* v. *United States,* 431 U. S. 324, 358 (1977) (empha-

sis added). In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

The judgment of the Fourth Circuit is reversed, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*