89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deloris W. KNIGHT, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
 No. 95-5688.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 OPINION
 KAREN NELSON, Circuit Judge.
 
 
 1
 Appellant Delores W. Knight appeals the district court's decision granting summary judgment in favor of South Central Bell Telephone Company ("South Central Bell"), in this race discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Because Knight failed to state a prima facie case that she was terminated because of her race, we affirm.
 
 
 2
 We review de novo the grant of summary judgment. E.g., Mitchell v. Toledo Hospital, 964 F.2d 577, 581 (6th Cir.1992). Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
 
 
 3
 * Knight, a black female, had been an employee at South Central Bell for twenty-one years before she was terminated. From May 1989 until July 15, 1991, she worked as a processing clerk in the comptroller's office. In April 1991, Knight suffered a back injury. She did not work from April 30, 1991 until June 5, 1991. On June 5, South Central Bell informed her that her medical benefits would cease due to the fact that her injury did not support total disability. Knight requested, and was granted, vacation leave for June 6th and 7th. On June 10th and 11th, Knight worked half days. After June 11, 1991, Knight did not return to work. She claimed that she continued to suffer severe back pain.
 
 
 4
 Knight had been examined by four doctors prior to her termination in July 1991. Dr. Goldman recommended that Knight could perform light duty work. Dr. Roth stated that Knight could return to full duty. Dr. Wijangco recommended light duty work at home. Dr. Guarnaschelli advised light duty work where no bending, lifting, or climbing was required. South Central Bell notified Knight that she would be assigned a job within the limits of her medical restrictions.
 
 
 5
 Selinda Burnett, a supervisor at South Central Bell, notified Knight by letter that if she failed to report to work by July 15, 1991, the company would assume that she abandoned her position and she would be removed from payroll. Knight called Burnett on July 15 to advise that she could not come to work because she continued to suffer severe back pain. Despite this telephone call, Knight was terminated.
 
 II
 
 6
 To state a prima facie case of race discrimination under title VII, a plaintiff may present direct evidence of intentional discrimination by the defendant or circumstantial evidence that creates an inference of discrimination. Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1246 (6th Cir.1995). Under the second approach, the plaintiff must show that she was (1) a member of a protected class, (2) discharged, (3) qualified for the position, and (4) replaced by a person outside the class or, in the alternative, treated worse than "a similarly situated non-protected" person. Id.; Mitchell, 964 F.2d at 582 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 255-56 (1981)); Shah v. General Electric Co., 816 F.2d 264, 268 (6th Cir.1987). Cf. O'Connor v. Consolidated Coin Caterers Corp., 116 S.Ct. 1307, 1310 (1996) (holding that "[b]ecause it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the McDonnell Douglas prima facie case"). Knight concedes that she was replaced by a black woman; however, she argues that she has presented evidence that South Central Bell treated comparable non-protected employees better than it treated her. Specifically, Knight claims that South Central Bell had several white employees who had been out on lengthy medical leaves but still were allowed to return to their jobs. The district court held that Knight had failed to demonstrate that the white employees who took medical leave were similarly situated.
 
 
 7
 Our court has held that "to make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly-situated in all respects." Mitchell, 964 F.2d at 583. According to Mitchell, to show that others are "similarly situated,"
 
 
 8
 the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.
 
 
 9
 Id. Knight argues that this language from Mitchell, if literally applied, goes beyond the requirements established by the Supreme Court in McDonnell Douglas. Because Knight's proof that she was similarly situated to the other employees on medical leave is sorely lacking, we need not address Knight's argument that the Mitchell standard is too stringent or decide whether the Mitchell holding should be read more narrowly.
 
 
 10
 Knight offered almost no proof concerning the medical condition of any other employee, and during her deposition, Knight admitted that she did not know what their medical situations were. Knight did testify during her deposition that Rosalyn Walker, a white female, "had back problems and she was out for a long period of time and she was ordered back to work and, just by hearsay, she threatened the company if they cut off her benefits and she was not terminated." (J.A. 159). Thus, Knight acknowledged in her testimony that at least some of her information about Walker was "hearsay." In addition, later in her deposition, Knight stated that she did not know of any employee who refused to return to work when told to do so:
 
 
 11
 Q. But you don't know if they were ever told to return to work and they refused to return or anything like that?
 
 
 12
 A. No, I do not. No.
 
 
 13
 (J.A. 167). More importantly, Knight admitted that she had "no idea" whether Walker had supplied any medical proof that she was not able to return to work. (J.A. 159).
 
 
 14
 Knight contends that South Central Bell "which possesses all the information regarding its employees' medical leaves, does not state whether or not Ms. Walker ever provided medical proof regarding her disability, and if she did, what kind." Knight's Reply Brief, at 4 (emphasis omitted). However, Knight bears the burden of proving her prima facie case and ultimately bears the burden of proving unlawful discrimination. E.g., Burdine, 450 U.S. at 253; Mitchell, 964 F.2d at 583 n. 5 ("It is the discrimination plaintiff's burden to establish that the other employee's acts were of 'comparable seriousness' to his or her own infraction."); Morvay v. Maghielse Tool And Die Co., 708 F.2d 229, 233 (6th Cir.), cert. denied, 464 U.S. 1011 (1983). Therefore, Knight should have obtained the necessary information through discovery.
 
 
 15
 Accordingly, we AFFIRM the district court's grant of South Central Bell's motion for summary judgment because Knight failed to state a prima facie case of race discrimination under Title VII.