**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOAN H. BRAITSCH,
Plaintiff-Appellant,

v.

EMC CORPORATION,
Defendant-Appellee,                                No. 95-2503

and

THOMAS AARON; MICHAEL GRILLI;
FRANK KEANEY,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-1693-A)

Submitted: August 22, 1996

Decided: September 12, 1996

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard L. Swick, SWICK & SHAPIRO, P.C., Washington, D.C., for
Appellant. Whitney Adams, Washington, D.C.; C. Torrence Arm-
strong, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Alex-
andria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joan H. Braitsch filed a civil suit claiming gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e (West 1994), retaliation, and violation of the Equal Pay Act, 29 U.S.C. § 206(d) (1988), arising out of her employment with, and termination by, EMC Corporation. Braitsch appeals the district court's entry of judgment on behalf of EMC, based on its grant of EMC's Fed. R. Civ. P. 50(a) motion at the close of Braitsch's trial evidence. For the reasons set forth below, we affirm.

This Court reviews de novo the grant or denial of a motion for judgment as a matter of law. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). The standard of review for the granting of a judgment as a matter of law is whether the evidence is so substantial or conclusive that any contrary verdict would necessarily be based on speculation or conjecture. Id. In considering such a motion, the court must construe the evidence in the light most favorable to the party against whom the motion is made. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir. 1987). The question is not whether there is no evidence, but whether there is sufficient evidence upon which a factfinder can properly proceed to reach the verdict sought. Ralston Purina Co. v. Edmunds, 241 F.2d 164, 167 (4th Cir.), cert. denied, 353 U.S. 974 (1957).

This Court's review of the record and transcript in this case reveals that Braitsch failed to establish a prima facie case of employment discrimination on the basis of gender. See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. April 1, 1996) (No. 95-354); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The trial evidence established that despite the fact that Braitsch's compensation package was less than employees (both male and female) hired in 1991 and later, Braitsch admitted that

2

she was hired at the same compensation package as the other employee hired in 1990 (a male). Moreover, she admitted that she failed to make sales quota in either 1990 (her first year of employment) or 1991--even by her own calculations--and that the male employee hired at the same time who also failed to make quota in either his first or second year was likewise terminated in his second year of sales.**\*** Nor did Braitsch present any evidence that her quota was higher than that of her male counterparts or that her sales territories were inferior. Although Braitsch disputed the manner in which credit for sales made were attributed to individual employees, we find no evidence to support a reasonable conclusion of gender discrimination. In addition, we find that EMC's failure to put Braitsch on a formal performance improvement program prior to her termination, given that EMC failed likewise to put two of the three male employees terminated for failing to meet quota on such a program, likewise fails to establish gender discrimination.

Nor did Braitsch rebut the legitimate, nondiscriminatory reason EMC proffered to support its termination of Braitsch, that is, her failure, after her second year of sales, to meet her sales quota. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981); Conkwright v. Westinghouse Elec. Corp. , 933 F.2d 231, 234-35 (4th Cir. 1991).

Given these facts, we find, as did the district court, that Braitsch failed to establish facts sufficient to prove a prima facie case of gender discrimination relative to her compensation, assignments, or termination. Nor did she establish retaliation for engaging in a protected activity. Finally, we find that the district court's grant of EMC's Rule 50(a) motion was likewise proper as to Braitsch's Equal Pay Act claim. We dispense with oral argument because the facts and legal

_____

*Other evidence at trial revealed that two other male employees who failed to make their quotas were terminated in their first year.

3

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4