**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHERANNE L. JENKINS,
Plaintiff-Appellant,

v.

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

No. 96-2071

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-95-1537-A)

Submitted: June 10, 1997

Decided: July 9, 1997

Before WIDENER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leodis C. Matthews, MATTHEWS & KELSO, Frankfurt, Germany,
for Appellant. Helen F. Fahey, United States Attorney, James E.
Macklin, Special Assistant United States Attorney, Alexandria, Vir-
ginia; Major Thomas M. Ray, DEPARTMENT OF THE ARMY,
Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sheranne Jenkins appeals from the district court's adverse determination and dismissal, following a bench trial, of her employment discrimination action alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. §§ 621-34 (West 1985 & Supp. 1996). Jenkins alleged age discrimination against her former employer, the United States Army, based on a demotion and her ultimate termination from employment. On appeal, she challenges the district court's ultimate determination of non-discrimination, as well as several of the court's evidentiary rulings. Our review of the record and the district court's findings discloses that this appeal is without merit.

The district court, after a full presentation of the evidence, found that Jenkins failed to establish a prima facie case of employment discrimination. See O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. Apr. 1, 1996) (No. 95-354); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Alvarado v. Board of Trustees, 928 F.2d 118, 121 (4th Cir. 1991). We agree with the district court that, even assuming, arguendo, that Jenkins established a prima facie case of age discrimination, she failed to rebut the legitimate, non-discriminatory reasons Defendant proffered to support its decisions to demote and ultimately terminate her. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

As to the district court's evidentiary rulings, such rulings are entitled to substantial deference and will not be reversed by this Court absent a clear abuse of discretion. Sasaki v. Class, 92 F.3d 232, 241

2

(4th Cir. 1996). We find that Jenkins' claims of error in this case relative to the district court's striking of the testimony of two of Jenkins's witnesses on grounds of relevance is without merit. Moreover, we cannot say that the district court abused its discretion relative to evidence regarding allegedly discriminatory statements made by Ms. Mackey, Jenkins's former supervisor, given that Jenkins did not claim discrimination at the hand of Ms. Mackey below.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3