**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CATHY G. SCHUSTER,
Plaintiff-Appellant,

v.

No. 99-2664

CHAMPION INTERNATIONAL
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-98-101-4-H)

Submitted: June 20, 2000

Decided: September 13, 2000

Before MURNAGHAN,* WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Geraldine Sumter, FERGUSON, STEIN, WALLAS, ADKINS,
GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for Appel-

_____

*Judge Murnaghan participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

lant. Leslie A. Dent, A. Craig Cleland, PAUL, HASTINGS, JANOF-
SKY & WALKER, L.L.P., Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Cathy Schuster appeals from the district court's order granting
summary judgment in favor of her employer, Champion International
Corporation ("Champion"), and dismissing her employment discrimi-
nation action alleging violations of Title VII of the Civil Rights Act
of 1964, as amended, 42 U.S.C.A. § 2000e (West 1994), and North
Carolina common law. In the district court, Schuster claimed gender
discrimination, discriminatory and constructive discharge, sexual
harassment, and retaliation. Schuster limits her appeal to the issue of
whether the district court erred in granting summary judgment on her
discriminatory discharge claim.

Our review of the record and the district court's opinion discloses
that this appeal is without merit. Specifically, we find that Schuster
failed to establish a prima facie case of discriminatory discharge.[1] See
O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-
13 (1996); see also McDonnell Douglas Corp. v. Green, 411 U.S.
792, 802 (1973); Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th
Cir. 1992).

_____

[1] To establish a prima facie case of discriminatory discharge, Schuster
must show that: (1) she is a member of a protected class; (2) she suffered
an adverse employment action; (3) at the time of the adverse employ-
ment action she was performing at a level that met her employer's legiti-
mate job expectations; and (4) the position remained open to or was
filled by similarly qualified applicants outside the protected class. See
Brinkley v. Harbour Recreation Club, 180 F.3d 598, 607 (4th Cir. 1999).

2

Schuster's complaint centers around allegations of discriminatory discharge arising from conflicts with her co-workers in Champion's machine shop. Schuster was laterally transferred to Champion's safety crew, and settled a union grievance, agreeing not to enter the machine shop unless she had a legitimate, work-related reason for doing so. As a result of repercussions from an unsuccessful personal relationship with a co-worker on the safety crew, Champion granted Schuster's request to transfer her to the general maintenance crew. Schuster began eating lunch in the machine shop, an admitted violation of the union grievance settlement agreement. Upon complaints from machine shop employees about Schuster's presence in the machine shop during the lunch break, C. Ray Edwards, department supervisor, informed Schuster that her presence there violated the settlement agreement terms and that she was not to eat lunch in the machine shop until further notice. The following day, Schuster informed Edwards that despite the prior agreement, she should be allowed to eat lunch wherever she wanted. Edwards refused her request to eat in the machine shop, whereupon Schuster became very upset, threw her arms into the air, and said, "I guess I don't work here anymore."

Schuster then left Edwards' office and sought out Human Resources manager Robert Seevers. Seevers told Schuster he would investigate the matter. After leaving Seevers' office, Schuster clocked out mid-shift and never returned. Schuster's husband visited Seevers that same day, telling him that he and his wife had just started a business and that she could not quit her job. Union representatives told Seevers two days later that Schuster did not intend to quit her job, and asked him to reinstate Schuster, but Seevers declined to reinstate her at that time. As a result of a union grievance Schuster filed concerning the incident,[2] Champion informed her that she could return to work on January 27, 1997. Schuster never returned to work at Champion.[3]

_____

[2] Following a hearing, the arbitrator held that Schuster did not have the intent to permanently quit her job, that Champion should have accepted her attempt to withdraw her resignation, and ordered Champion to reinstate Schuster. Champion complied with the decision.
[3] On January 25, 1997, Champion received a letter from Schuster's psychologist informing them that Schuster was unable to return to work and should not be expected within the next four months.

We agree with the district court that Schuster failed to establish that Champion took adverse employment action against her. We find that there is no genuine issue of material fact contrary to the finding that Schuster voluntarily left her job after she was told by Edwards that she should not eat lunch in the machine shop, given her proclamation that she "no longer work[ed] [t]here," her admission that Edwards thought she quit based on her conduct, and her action of walking off the job in the middle of her shift. **4** Moreover, her argument that it is her subjective intent which governs the law on this issue is unfounded. See, e.g., Goldsmith v. Mayor & City Council, 987 F.2d 1064, 1072 (4th Cir. 1993) (in constructive discharge context).**5** Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. See Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of Champion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED
_____

**4** We further find that Schuster's contention that her evidence that she went to the Human Resources manager to try to resolve the problem after leaving Edwards' office, and that she sent her husband and later two union representatives to explain that she did not really intend to quit her employment supports her claim that she did not really quit was properly construed by the district court as evidence that she had attempted to rescind her resignation after she had quit.

**5** Given our finding that Schuster failed to establish her prima facie case, we need not address the issue of whether Champion's evidence of a legitimate, non-discriminatory reason for not allowing Schuster to rescind her resignation was mere pretext for intentional discrimination.

4