**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20492**
**Summary Calendar**

_____

**GARY FARMER,**

**Plaintiff-Appellant,**

**versus**

**HALLIBURTON COMPANY, doing business as**
**Halliburton Energy Services**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H:98-CV-3285)**

_____

November 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Gary Farmer appeals from the final judgment, following two summary judgments, on his claims for age discrimination under § 5.01 of the Texas Commission on Human Rights Act, Tex. Labor Code Ann. § 21.051, the Age Discrimination in Employment Act (AEDA), 29 U.S.C. §§ 621-634, and § 510 of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1140. We affirm the judgment of the district court for essentially the reasons stated in the district court's detailed 27 September 2000 and 12 April 2001 opinions.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For Farmer's ERISA claim, and assuming Farmer established a prima facie case, Halliburton provided a legitimate non-discriminatory reason for its selection of Jamail over Farmer to hold the new Travel Manager position created by Halliburton's 1996 Shared Services Initiative (SSI), and the three year age difference between Farmer (51) and Jamail (48) was insignificant under *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308 (1996). Consequently, the inference of pretext was insufficient to withstand summary judgment. Also, Halliburton provided a legitimate, non-discriminatory reason for including Farmer in the reduction-in-force (RIF) that resulted from the SSI, and Farmer's evidence of pretext was insufficient.

Claims of age discrimination under the ADEA and the Texas Commission on Human Rights Act are analyzed under the same analytical framework — the one announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Evans v. City of Houston, Tex.,* 246 F.3d 344, 348 (2001). The district court correctly concluded: Halliburton's justification for its decision to hire Jamail (because he was more qualified) was a legitimate, non-discriminatory reason; Farmer's evidence was insufficient to establish pretext; and Farmer failed to establish a prima facie case with respect to the RIF, because he did not raise a factual issue as to whether Farmer was included in the RIF based on impermissible age discrimination. Rather, as the district court noted, Farmer raised claims more properly raised for his ERISA claim. *See Hazen Paper Co. v. Biggins,* 507 U.S. 604, 612 (1993).

*AFFIRMED*

2