# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

IDA HAWKINS,

*Plaintiff-Appellant,*

v.

SHEPPARD PRATT HOSPITAL,

*Defendant-Appellee,*

and

BOWIE STATE UNIVERSITY; UBA
BARAKE COUNSELING CENTER,

*Defendants.*

No. 01-2247

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CA-00-3141-S)

Submitted: February 14, 2002

Decided: February 25, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Ida Hawkins, Appellant Pro Se. Bruce Stephen Harrison, SHAWE &
ROSENTHAL, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ida Hawkins appeals from the district court's order granting summary judgment in favor of her former employer, Sheppard Pratt Hospital, and dismissing her age employment discrimination action. Our review of the record and the district court's opinion discloses that this appeal is without merit. We find that Hawkins failed to establish a prima facie case of age discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lawrence v. Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir. 1992). Specifically, we find no genuine issue of material fact contrary to the district court's conclusion that Hawkins was not performing her job at a level which met her employer's legitimate expectations. The evidence demonstrated that, in blatant violation of her employer's policies, Hawkins intentionally or recklessly disclosed the identity of a former patient under circumstances not connected with any official business of the employer. Hawkins' unsworn, self-serving, conclusory statements in opposition to the employer's evidence is insufficient to stave off summary judgment. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989).

We further agree with the district court that Hawkins failed to establish that the employer's action in reducing her hours was actionable. The reduction did not adversely change the essential terms, conditions, or benefits of Hawkins' employment, *see, e.g.*, *Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997), nor was there any genuine issue of material fact presented to dispute the employer's evidence that the reduction in hours was due to staffing and budgetary issues.

Finally, even assuming, *arguendo*, that Hawkins established a prima facie case of employment discrimination, we find that she

failed to rebut the legitimate, nondiscriminatory reasons the employer proffered to support its decisions regarding her termination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234-35 (4th Cir. 1991). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of Sheppard Pratt Hospital. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*