**Shahid TANVIR, Plaintiff–Appellant,**

v.

**NYS DEPT OF BANKING and
NYS Dept of Civil Service
Defendants–Appellees.**

No. 03–9237.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2005.

Shahid Tanvir, Bronx, NY, for Appellant, pro se.

Robert H. Easton, Assistant Solicitor General, on submission (Patrick J. Walsh, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York) New York, NY, for Appellees.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Shahid Tanvir, appearing *pro se,* appeals from a judgment and order of the United States District Court for the Southern District of New York (Kaplan, *J.*) that granted summary judgment in favor of the New York State Department of Banking ("NYSDB") and dismissed Tanvir's remaining claims. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

The district court properly dismissed Tanvir's state law claims, his claims against the New York State Department of Civil Service, and his damage claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). *See Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91–92, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (barring ADEA money damages suit against the state).

As respects Tanvir's remaining claims against the NYSDB, we conclude that although Tanvir established a *prima facie* case of discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.,* the NYSDB presented a legitimate non-discriminatory reason for not hiring Tanvir, and Tanvir could not demonstrate that the NYSDB's stated reason was merely a pretext for discrimination on the basis of race or ethnicity. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Quinn v.*

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

*Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) (noting that New York State discrimination claims and federal claims brought under Title VII require the same standard of proof). Likewise, as to Tanvir's ADEA claim for injunctive relief, Tanvir established a *prima facie* case discrimination, but failed to show that the NYSDB's reasons for declining to hire him were a pretext for age discrimination. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**