E. Louis OVERSTREET,
Plaintiff—Appellant,

v.

CLARK COUNTY SCHOOL DISTRICT,
Defendant—Appellee.

No. 03–16456.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided March 18, 2005.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

C. W. Hoffman, Jr., Esq., Office of the General Counsel Clark County School District, Las Vegas, NV, for Defendant–Appellee.

Before: THOMAS, PAEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Appellant E. Louis Overstreet ("Overstreet") appeals the district court's grant of summary judgment in favor of his employer, Clark County School District ("District"), in his action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act (ADEA). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's decision *de novo, see Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir.2003), we affirm.[1]

The District contends that we lack jurisdiction to consider the district court's grant of summary judgment on Overstreet's race discrimination claim because Overstreet filed his appeal beyond 30 days after the entry of that judgment, *see* Fed. R.App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the entry of the judgment or order appealed from), and his notice of appeal failed to state that he was appealing that ruling, *see* Fed. R.App. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment, order, or part thereof being appealed"). We disagree. First, because the district court did not enter a final judgment in dismissing Overstreet's race discrimination claim, Overstreet properly waited until all of his claims were resolved before filing his appeal. *See* 28 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our disposition.

§ 1291 (providing that courts of appeals have jurisdiction over "final decisions of the district courts"); Fed.R.Civ.P. 54(b) (providing that a district court may not enter a final judgment until it resolves all of a party's claims, unless it makes an express determination that there is no just reason for delay). Further, Overstreet's failure to specify that he was appealing the district court's race discrimination ruling does not defeat his claim because his intent to do so can be fairly inferred and the District has not been prejudiced by the mistake. *See Lolli v. County of Orange,* 351 F.3d 410, 414 (9th Cir.2003).

Although a plaintiff's burden at the summary judgment stage is not high, *see Pottenger v. Potlatch Corp.,* 329 F.3d 740, 746 (9th Cir.2003), Overstreet failed to present any evidence raising a genuine factual dispute as to whether the District's reason for refusing to hire him was a pretext for race discrimination. The District explained that the selection committee changed the candidates' rankings pursuant to an established protocol of achieving consensus in its recommendations. Because Overstreet failed to present evidence showing that this explanation was unworthy of belief or that discriminatory animus more likely motivated the District's decision, the district court did not err in granting summary judgment to the District on Overstreet's race discrimination claim. *See id.* at 746–47.

The district court also did not err in granting summary judgment in favor of the District on Overstreet's ADEA claim. Because the person hired for the position was insignificantly younger than Overstreet, no inference of age discrimination exists, and Overstreet failed to establish a prima facie case under the ADEA. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

Finally, the district court did not abuse its discretion in denying Overstreet's motion under Fed.R.Civ.P. 56(f) for additional time to conduct further discovery on his ADEA claim because the information he sought would not have aided him in establishing a prima facie case. *See Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes,* 323 F.3d 767, 774 (9th Cir.2003) (holding that the district court did not abuse its discretion in denying a Rule 56(f) motion where the discovery sought "would be futile").

Accordingly, the district court's grant of summary judgment in favor of the District is AFFIRMED.