

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2007

# Grove v. Admiral Peary Area

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Grove v. Admiral Peary Area" (2007). *2007 Decisions.* Paper 1578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5118

———————

DAVID J. GROVE,
                    Appellant

v.

ADMIRAL PEARY AREA
VOCATIONAL-TECHNICAL SCHOOL

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 04-cv-00111J
Magistrate Judge:  The Honorable Keith A. Pesto

———————

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2007

———————

Before: BARRY, ROTH, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed February 23, 2007)

———————

OPINION

———————

—————————

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant David J. Grove appeals from an order of the District Court granting summary judgment in favor of Appellee Admiral Peary Area Vocational-Technical School ("Admiral Peary") on his claim of age discrimination. We find that Grove has failed to establish a prima facie case of age discrimination, and will affirm.

**I.**

We write only for the parties and briefly describe only those facts essential to a complete understanding of our analysis. From 1973 until 2004, Grove worked in the maintenance department of Admiral Peary, a vocational-technical school serving seven school districts in Western Pennsylvania. In 1992 or 1993, Grove was promoted to maintenance supervisor, a position that ostensibly required him to oversee the department's four full-time custodial and maintenance employees. He held this position until 2002, when Admiral Peary demoted him and left the position of maintenance supervisor unfilled.

Between 2000 and 2002, Admiral Peary conducted several internal investigations into various aspects of its operations. Amid declining enrollment, it explored means for reducing its staffing expenses. Simultaneously, and in conjunction with an outside criminal investigation, it also examined allegations that certain employees were misusing funds, equipment, and facilities at the school. A February 20, 2002 investigative report detailed some of the results of the investigations. The report made no recommendations but described a number of instances in which Grove may have misused school funds,

2

facilities, and equipment. The record further shows that beginning as early as 2000, Admiral Peary administrators questioned the school's need for a maintenance supervisor. Interviews of custodial and maintenance employees confirmed that they were not being evaluated and had little or no communication with Grove.

By letter dated October 15, 2002, Admiral Peary advised Grove of its decision to demote him to the position of maintenance/custodial staff and reduce his annual salary by $5,000. The reason for this action, the letter stated, was "that you failed to provide supervision of the other employees in your department; you have not evaluated the employees; you have not communicated with the employees[;] and you have engaged in or have permitted to have performed work that should not be performed" at the school. (Appellant's App. vol. 1 at 21a.) The letter advised Grove of his right to a hearing and his right to be represented by counsel at the hearing. Grove exercised these rights.

At a November 21, 2002 hearing, at which Grove was represented by counsel, an independent hearing officer heard testimony and issued findings of fact and conclusions of law. The hearing officer found that there was little communication between Grove and the maintenance department employees, that he did not supervise or evaluate the employees, and that he used school facilities and equipment to perform personal work. As a result, the hearing officer concluded that there was no reason for Grove to retain his position as maintenance supervisor, and recommended that he be demoted to the maintenance/custodial staff with a $5,000 reduction in salary. On December 19, 2002, Admiral Peary administrators accepted the hearing officer's recommendations and

3

advised Grove of his demotion by letter dated December 27, 2002.

In December 2003, Grove filed complaints with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission, alleging that his demotion constituted unlawful age discrimination. Both complaints were dismissed for insufficient evidence of discrimination. On May 20, 2004, Grove filed this action in the U.S. District Court for the Western District of Pennsylvania, alleging one count of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (2000). At the close of discovery, Admiral Peary moved for summary judgment. The District Court granted the motion, finding that Grove failed to establish a prima facie showing of age discrimination. He now appeals.[1]

## II.

A federal court examines an ADEA claim under a modified version of the familiar burden-shifting analysis described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir. 1999). The plaintiff must initially establish a prima facie case of age discrimination. If the plaintiff satisfies this first prong, the burden of production shifts to the defendant to provide evidence of a legitimate, nondiscriminatory reason for its adverse employment action. Finally, the burden of production shifts back to the plaintiff to proffer evidence

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's grant of summary judgment. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 (3d Cir. 2005).

from which a factfinder reasonably could (1) disbelieve the employer's articulated legitimate reason, or (2) conclude that age discrimination was more likely than not the true motivation behind the employer's action. *Id.* at 234-35. A prima facie case of age discrimination requires proof that (i) the plaintiff was at least 40 years old; (ii) he or she suffered an adverse employment decision; (iii) he or she is qualified for the position; and (iv) the employer gave more favorable treatment to an employee who is sufficiently younger to permit an inference of age discrimination. *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n.4 (3d Cir. 2006). All four elements must be satisfied. *Fakete v. Aetna, Inc.*, 308 F.3d 335, 338 n.3 (3d Cir. 2002).

There is no dispute that Grove has failed to prove the fourth element of a prima facie case of age discrimination. While Admiral Peary concedes that the fourth element "need not necessarily be established in every case" (Appellant's App. vol. 1 at 45a), it does not attempt to explain why, in this case, Grove should be relieved of his burden to provide this essential proof. In the case cited by Admiral Peary, moreover, we permitted the use of "an alternative to the fourth element," not a wholesale elimination of that element. *See Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996) (involving a claim under the Americans with Disabilities Act).

Lest there be any doubt, we find that Grove clearly has failed to establish a required element of a prima facie case of age discrimination. There is no dispute that Admiral Peary never filled the position of maintenance supervisor following Grove's demotion, notwithstanding his self-serving and wholly inadequate representation that

fellow custodian Timothy Farabaugh "thinks he is" the new maintenance supervisor. (Appellant's App. vol. 2 at 273a.) The position of maintenance supervisor remains unfilled (*see id.* at 274a); Timothy Farabaugh has not received new supervisory responsibilities or a pay raise (*see id.* at 273a-274a, 365a-366a); and, in any event, Farabaugh, at age 51, is a mere two years younger than Grove (*see* Appellant's App. vol. 2 at 321a (Farabaugh testifying that his date of birth is "8-4-55"); *see also* Appellant's Br. 22). *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (noting that an inference of age discrimination "cannot be drawn from the replacement of one worker with another worker insignificantly younger").

## III.

Accordingly, the District Court did not err by granting summary judgment to Admiral Peary on the ground that Grove failed to establish a prima facie case of age discrimination.[2] We will affirm.

---

[2] Even if Grove had established a prima facie case of age discrimination, the District Court would have been justified in granting summary judgment on the ground that he failed to establish proof of pretext. Grove's "proof" consists solely of self-serving speculation about the reasons for his demotion and the unremarkable fact that Timothy Farabaugh's brother is a member of Admiral Peary's Board. No jury, on the basis of these scant proofs, could reasonably disbelieve Admiral Peary's articulated legitimate reason or conclude that age discrimination was more likely than not the true motivation behind its action.