UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| ABBIE OLIVER, Ms.,<br>        *Plaintiff-Appellant,*<br><br>v.<br><br>COMSAT GENERAL CORPORATION,<br>        *Defendant-Appellee.* | No. 01-2468 |

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-00-3079-WMN)

Submitted: March 14, 2002

Decided: April 2, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Abbie Oliver, Appellant Pro Se. Robert John Smith, MORGAN,
LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Abbie Oliver appeals from the district court's order granting summary judgment in favor of her employer, Comsat General Corporation ("Comsat"), and dismissing her employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e (West 1994). Oliver claimed discrimination based on her race relative to Comsat's failure to offer her a position in the Collection Department and its ultimate termination of her employment.

Our review of the record and the district court's opinion discloses that this appeal is without merit. We find that Oliver failed to establish a prima facie case of race discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lawrence v. Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir. 1992). Specifically, we find no genuine issue of material fact contrary to the district court's conclusions that Oliver was not qualified for the position she sought, nor was she performing her job at a level which met her employer's legitimate expectations at the time she was terminated. Oliver's own, subjective claims to the contrary are insufficient to stave off summary judgment. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989).

Also, to the extent Oliver raised a hostile work environment claim, we agree with the district court that the claim is without merit. The acts about which Oliver complained were not so extreme, severe, or pervasive so as to amount to a change in the terms and conditions of her employment, but rather were non-actionable isolated or genuinely trivial acts which constituted ordinary adversities of the workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Lacy v. Amtrack*, 205 F.3d 1333 (4th Cir. 2000).

Finally, we find that even assuming, *arguendo*, that Oliver established a prima facie case of employment discrimination, she failed to rebut the legitimate, nondiscriminatory reasons Comsat proffered to support its decisions regarding her non-selection and termination.

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234-35 (4th Cir. 1991). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

We therefore affirm the district court's grant of summary judgment in favor of Comsat. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*