IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21122
Summary Calendar
_____

GREGORY WILLIAMS,

Plaintiff - Appellant,

versus

HARRIS COUNTY HOSPITAL DISTRICT,

Defendant - Appellee.

--------------------
Appeal from the United States District Court
for the Souther District of Texas
USDC No. H:99-CV-4380
--------------------
November 7, 2002

Before BARKSDALE, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plantiff-Appellant Gregory Williams initiated this action against his former employer, Defendant-Appellee Harris County Hospital District (the District), alleging that he was terminated from his employment as a radiology technician because of his age and because of his disability in violation of the Age

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*,(ADEA), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*,(ADA). Williams also alleges he was terminated in retaliation for conduct which is protected under the ADEA and ADA. The district court granted summary judgment on all counts in favor of Appellee. Williams appeals from this ruling.

This Court reviews a granting of summary judgment *de novo*. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). In the instant case, summary judgment is properly granted if the District, as the movant, demonstrates the absence of a dispute of material fact, and if, in rebuttal, Williams fails to demonstrate that a dispute of material fact exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, with respect to William's discrimination claims, the District must demonstrate either that Williams has failed to produce evidence sufficient to support a prima facie case of discrimination, or that Williams has failed to produce evidence demonstrating that the District's proffered reason for terminating Williams is pretexual. *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973); *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 223 (5th Cir. 2000). Here, the district court found that Williams failed to establish a prima facie case of discrimination under either the ADA or the ADEA, and we agree.

2

To establish a prima facie case of age discrimination, Williams must provide evidence sufficient to create an inference that he: (1) was discharged; (2) was qualified for his position; (3) fell within the protected class; and (4) was terminated from his employment *because* of age.[1] *Russell*, 235 F.3d at 223; *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). However, while Williams is able to establish the first three of these criteria, Williams does not provide even a scintilla of evidence supporting an inference that he was discharged because of his age. At most Williams suggests that substantially younger individuals were hired and promoted by the District prior to Williams' dismissal, but this, alone, is insufficient to establish an inference that Williams was

---

[1] While, the district court particularly notes that Williams does not point to evidence suggesting he was replaced by a significantly younger employee, we would note that such a showing is not the sole means by which Williams might have established the fourth element of his prima facie case. Although a plaintiff may construct a sufficient inference that he was discharged because of age by showing that he was replaced in his position by someone not insignificantly younger than himself, such a showing may also be made by pointing to other indicia of discriminatory motives. *See*, *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996)(finding that, "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class," but that the key to the analysis lies, "in recognizing that the prima facie case requires '*evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion.*'" *Id.* at 312 (*quoting*, *Teamsters v. United States*, 431 U.S. 324, 358 (1977)).

3

discharged because of his age. Consequently, summary judgment was properly entered against him with respect to this claim.

Similarly, to establish a prima facie case of discrimination in violation of the ADA, Williams must first demonstrate that he falls within the protected class. *Sherrod,* 132 F.3d at 119; 42 U.S.C. § 12102(2)(A). Thus, Williams must produce evidence supporting an inference that he is substantially limited in a major life activity. *Sherrod,* 132 F.3d at 1120. Williams asserts that he is limited in the major life activity of working because he suffers from an injury which restricts his ability to bend, squat, work over forty hours in a week, or lift over forty pounds. However, these restrictions alone do not create an inference that he is limited in the major life activity of working. *See id.* (finding that while the Appellant had produced evidence supporting her assertion that she was unable to lift more than forty-five pounds, that limitation, alone, did not create the inference that she was limited in a major life activity). In addition to supplying evidence of his injury-induced physical restrictions, Williams must also point to evidence indicating that as a result of his limitations he is either restricted in his ability to preform a class of jobs, or a range of jobs in various classes. *Id.* at 1120. Williams presents no such evidence. Therefore, summary judgment was properly entered against him with respect to this claim.

Finally, Williams' retaliation claims are equally unsupported by the record. To maintain his retaliation claims, Williams must show: "(1)that[]he engaged in protected activity, (2)that an adverse employment action occurred, and (3)that a causal link existed between the protected activity and the adverse employment action." *Sherrod*, 132 F.3d at 1122 n.8.

Williams, however, fails to produce evidence such that a reasonable juror could infer that a causal connection exists between the filing of William's EEOC claim and his dismissal. In support of his contention that a causal connection does exist between the filing of his complaint and his dismissal, Williams points to the fact that he was dismissed after filing his first EEOC complaint. However, the District offers a non-retaliatory reason for Williams' termination: specifically that Williams' coworkers had asserted multiple complaints regarding Williams' conduct at work. In producing this putatively nondiscriminatory rationale for terminating Williams, the District shifts the burden to Williams to demonstrate that the proffered reason is pretextual. Williams, however, does not meet this burden. While Williams contests the veracity of the complaints lodged against him by his fellow employees, he does not offer evidence disputing the assertion that these complaints formed, in the mind of the decision maker, the basis for his termination. He may well have been wrongly accused by his coworkers, but his obligation in asserting his claim of retaliation is to demonstrate that the

5

complaints functioned, at least in part, as a vehicle for masking the decision maker's discriminatory motives. In the instant case this obligation remains unmet.

Thus, for the foregoing reasons, we find that summary judgment was properly entered in favor of the District on all counts.

AFFIRM.