F I L E D
United States Court of Appeals
Tenth Circuit

AUG 26 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHERRYL PERRY,

      Plaintiff-Appellant,

v.

ST. JOSEPH REGIONAL MEDICAL
CENTER, an Oklahoma Corporation,
a/k/a Via Christi Oklahoma Regional
Medical Center Ponca City, Inc.;
VIA CHRISTI HEALTH SYSTEMS,
INC., a Kansas Corporation,

      Defendants-Appellees.

No. 03-6120
(D.C. No. 02-CV-542-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Sherryl Perry appeals from the grant of judgment as a matter of law in favor of defendants on her wrongful termination claim brought under the Age Discrimination in Employment Act (ADEA).      *See* Fed. R. Civ. P. 50; 29 U.S.C. §§ 621-34.  At the close of Ms. Perry's case, defendants moved for judgment as a matter of law and the court took the motion under advisement.  Following the presentation of all the evidence in the case, the district court granted the defendants' motion for judgment as a matter of law.

Our jurisdiction arises under 28 U.S.C. § 1291.  Because we conclude that Ms. Perry failed to present sufficient evidence from which a jury could rationally conclude that she was terminated because of her age, we affirm.

## I.  Legal standards

We review *de novo* the grant or denial of a judgment as a matter of law, and apply the same legal standard as the district court and construe the evidence and inferences in the light most favorable to the nonmoving party without weighing the evidence, passing on the credibility of witnesses, or substituting our judgment for that of the jury.  Judgment as a matter of law is appropriate only where the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion.  Unless the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion, judgment as a matter of law is improper.

*Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996) (citations and quotations omitted). "However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law." *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (quotations omitted).

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

> To prevail on an ADEA claim a plaintiff must establish that age was a determining factor in the employer's challenged decision. The plaintiff need not prove that age was the *sole* reason for the employer's acts, but must show that age made the difference in the employer's decision. Under our precedents, an ADEA plaintiff may proceed by either of two general methods to carry the burden of making her or his case. A party may attempt to meet his burden directly, by presenting direct or circumstantial evidence that age was a determining factor in his discharge. Or, more typically, a party may rely on the proof scheme for a *prima facie* case established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252-56 (1981).

*Greene*, 98 F.3d at 557-58 (quotations and citations omitted). Here, lacking evidence directly related to the forbidden animus of age as a determining factor in her discharge, Ms. Perry relied on the inferential proof scheme set forth in

-3-

*McDonnell Douglas Corp.* As in *Greene*, we turn now to consider whether Ms. Perry made a case that should have been presented to the jury.

## II. Relevant facts

After a change of management at the hospital where she had been employed as the Nursing Director of the Emergency Department for twenty-six years, Ms. Perry was counseled by her new supervisor, Ms. Watson, that Ms. Perry needed to improve her job performance in several areas in order to meet federal emergency room (ER) standards, or be terminated. *See* Aplt. App., Vol. I at 113-16. Defendants established that the hospital had received notice from the state about the ER's deficiencies. The hospital's board of directors had given "the [new] CEO marching orders to fix up the ER" because it was "one of the worst parts of [the] hospital." *Id.* at 160. Ms. Watson criticized Ms. Perry's lack of enthusiasm for her job, her giving of priority to volunteer efforts instead of to her job, her failure to sufficiently support emergency room nursing staff, her failure to be visible in the ER and to check on the evening ER staff, her failure to follow through with critical ER issues, and her failure to "fix" ER problems after having earlier been released from other duties in order to concentrate on the ER department. Aplt. App., Vol. II at 537; *id.* Vol. 1 at 198-203. Ms. Perry disagreed with her supervisor's evaluation and wrote a response. *Id.* Vol. II at 538-39.

-4-

Ms. Watson believed that Ms. Perry was not being truthful in her response. She determined that Ms. Perry continued to demonstrate a lack of responsibility for dealing with issues and a failure to make her job a priority. Ms. Watson was further of the opinion that Ms. Perry might be "burn[ed] out" and that "she was not going to be able to change her old ways." *See id.* at 541; *id.* Vol. I at 194, 199, 217. Mr. Hufnagel, the vice president of human resources, also testified that Ms. Perry was not productive enough to keep up with the pace required by the new CEO's "demanding and complicated new plans for growth and productivity and efficiency and excellence." *Id.* Vol. I at 159, 170. When Ms. Watson terminated Ms. Perry, Ms. Perry was fifty-five years old.

After Ms. Perry's termination, defendants promoted Ms. Peters, a thirty-eight-year-old nurse who had been serving as Ms. Perry's second-in-command, to fill Ms. Perry's position as interim director. Defendants also began advertising the position in national publications. Mr. Hufnagel testified that Ms. Peters, too, was not "productive enough to serve in that position permanently," *id.* at 172, and that she was never permanently offered the job. Defendants paid the traveling expenses for a fifty-four-year-old applicant from Florida to personally interview for the job and offered to hire her before receiving Ms. Perry's discrimination complaint. *Id.* at 164-66. Ms. Perry's position was ultimately permanently filled by Ms. Haub, a forty-eight-year-old nurse.

### III. Analysis

Ms. Perry relies on five pieces of evidence to support her claim that age was a "determining factor" that "made the difference" in her termination and that the issue should have gone to the jury: (1) her replacement by a younger person; (2) her favorable performance evaluations before the change in management; (3) Mr. Hufnagel's testimony that she was terminated because she was not productive enough to keep up with the pace of the new management; (4) Ms. Watson's testimony that Ms. Perry would not be able to change her old ways and that Ms. Perry had "burnout"; and (5) Ms. Young-Shiflet's [1] testimony that the hospital's termination decision was best for the hospital because "it was time to have new blood and to have someone in that possibly could motivate the staff to do a better job, and I don't believe that the work that needed to be done was getting done." *Id.* at 454. Ms. Perry argues that, based on this evidence, the jury could have inferred that her termination was pretextual and concluded that her age made the difference in the hospital's decision to replace her.

After hearing all the evidence, the district court disagreed. As a preliminary matter, the court held that Ms. Haub was "insignificantly younger" and, therefore, the evidence of a seven-year age difference between her and Ms. Perry was "not sufficient to raise an inference" that the reason for

---

[1] Ms. Young-Shiflet preceded Ms. Watson as Ms. Perry's supervisor.

Ms. Perry's termination was age. *Id.* at 506. The court further held that the jury could not infer pretext from the other testimony cited above. *Id.* The court held that defendants had "shown a legitimate nondiscriminatory reason for the termination," unrebutted by evidence of pretext, and granted judgment as a matter of law to defendants. *Id.* at 507.

**a) The prima facie case**. In *Reeves v. Sanderson Plumbing Products, Inc.*, the Supreme Court explained that

> a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
>
> This is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

530 U.S. 133, 148 (2000). Here, the district court based its "insignificantly younger" analysis on *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996). There, the Court stated,

> [i]n the age-discrimination context, [] an inference [of intent to discriminate] cannot be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA

prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

517 U.S. at 313; *and see Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1166 (10th Cir. 2000) (holding that, "because plaintiff's replacement was only two years his junior--an obviously insignificant difference--the necessary inference of discrimination was precluded, and he failed to establish his prima facie case"). Ms. Perry argues that the parties' "principal dispute centers around whether Perry was replaced by Peters, 17 years her junior, or Haub, who is seven years younger than Perry," and argues that the court impermissibly weighed the evidence in holding, as a matter of law, that Haub, and not Peters, replaced Perry. Aplt. Br. at 7-8. Ms. Perry also argues that a seven-year age gap is sufficient to support an inference of discrimination for a prima facie case. We need not decide these issues, however, because of the procedural and evidentiary posture of the case at the time of the district court's decision. *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1401 (10th Cir. 1988) (addressing only whether there was sufficient evidence to establish that reasons for termination were pretextual).

When a defendant presents evidence of a valid, nondiscriminatory reason for termination in a case in which the plaintiff is relying on a *McDonnell Douglas Corp.* proof scheme to establish discrimination,

-8-

the *McDonnell Douglas* framework--with its presumptions and burdens--disappear[s], and the sole remaining issue [is] discrimination *vel non* . . . .

The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. And in attempting to satisfy this burden, the plaintiff--once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision--must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence. Moreover, although the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual.

*Reeves*, 530 U.S. at 142-43 (quotations and citations omitted). Even if we considered that Ms. Peters, and not Ms. Haub, replaced Ms. Perry, or that seven years is a substantial age difference that supports a prima facie case of discrimination, Ms. Peters still had the burden of producing sufficient evidence to show that defendants' reasons for terminating her were not legitimate or were unworthy of credence and that age was the determining factor in her termination. This she did not do.

Ms. Perry did not rebut the testimony that the ER, over which she had been the director for twenty-six years, did not meet federal standards and was considered to be the hospital's worst department and in need of quick

-9-

improvement. She could not rebut the fact that defendants sought to replace her with a fifty-four-year-old nurse before they knew of her discrimination complaint. And none of the testimony that Ms. Perry points to regarding her lack of productivity and inability to keep the pace of the new CEO's demands, her inability to change her ways, her apparent "burnout," or the need for "new blood" to motivate ER employees raises an inference that she was terminated because of her age or that her termination was pretextual. An employee can be nonproductive, burned out, and unwilling or unable to change her ways at any age, just as an older employee can remain productive, enthusiastic, and able to change. *Cf. Lindsey v. Baxter Healthcare Corp.*, 962 F.2d 586, 588 (7th Cir. 1992) (stating that "[n]o weight can be attached to . . . 'good old boys,' [because] any competent user of the English (or rather the American) language knows that to be a good old boy one need not be old, or for that matter, good").

Evidence that Ms. Perry had never received a written negative evaluation before new management took over is relevant to the issue of substandard performance. But "[p]retext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations." *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 528 (3d Cir. 1992). And that evidence alone, in light of the overwhelming evidence supporting defendants' assertion that age was not

the determining factor in their decision to terminate Ms. Perry, created, at most, "only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148. Although judgment as a matter of law should remain atypical in age discrimination cases, *see id.* at 155 (Ginsburg, J., concurring), after a careful review of the record, we conclude that the district court did not err in granting judgment as a matter of law to defendants.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-11-