Robert C. **KOPELK,** Plaintiff–Appellant,

v.

**NESTLÉ WATERS NORTH AMERICA, INC.,** a Corporation, Defendant–Appellee.

No. 05–55202.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007 *.

Filed April 9, 2007.

Mark R. Haddon, Esq., Law Offices of Haddon & Lam, La Verne, CA, for Plaintiff–Appellant.

Susan Pangborn, Kilpatrick & Cody, James H. Coil, III, Esq., Kilpatrick Stockton, Atlanta, GA, Michael D. Ryan, Esq., Allen Matkins Leck Gamble & Mallory LLP, Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

### MEMORANDUM **

Plaintiff Robert C. Kopelk failed to establish a prima facie case of age discrimination under California's Fair Employment and Housing Act. To state a prima facie case of age discrimination, Kopelk must present, among other things, evidence of a circumstance giving rise to an inference of unlawful discrimination. One method of establishing such an inference is to demonstrate that similarly situated employees, who are substantially younger than Kopelk, were not fired. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311–12, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *see also Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal. Rptr.2d 352, 8 P.3d 1089, 1121 (2000). Because the record contains no evidence of the ages of the employees who Kopelk asserts were similarly situated, his claim fails. Therefore, summary judgment in Nestlé's favor on this claim was proper.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court did not err in granting summary judgment on Kopelk's claim for damages arising from intentional infliction of emotional distress because wrongful termination is not sufficiently extreme or outrageous to make out such a claim. *See Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741, 756 (1996).

■ Kopelk's argument that there was a question of material fact as to whether he was terminated in violation of Nestlé's Employee Handbook is not coherently developed and is, therefore, waived. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir.2003). Furthermore, Kopelk has presented no evidence that Nestl é failed to follow the employee handbook in his case.

**AFFIRMED.**