**Syed ASAD, Plaintiff—Appellant,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, a/k/a IBM, Defendant—Appellee.**

No. 05–56405.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed June 19, 2007.

Patricia J. Barry, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Syed Asad, Yorba Linda, CA, pro se.

Randa A.F. Osman, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: THOMAS and GOULD, Circuit Judges, and CHESNEY *, District Judge.

---

* The Honorable Maxine M. Chesney, United States District Judge for the Northern District

MEMORANDUM **

Syed Asad ("Asad") appeals (1) the district court's grant of summary judgment for IBM, (2) the district court's denial of his motion for extension of the discovery cutoff date, and (3) the district court's denial of his motion to file a surreply brief in opposition to IBM's motion for summary judgment.[1]

█ Asad argues that the district court erred by granting summary judgment in favor of IBM because he raised genuine issues of material fact in three areas: (1) age discrimination based on non-promotion; (2) retaliation based on a hostile work environment; and (3) retaliation based on termination.[2] To establish a prima facie case of age discrimination, Asad must provide "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (internal quotation marks and alterations omitted) (italics omitted). Once established, the burden shifted to IBM "to prove it had a legitimate non-discriminatory reason for" not promoting him. *Lindsey v. SLT Los Angeles, LLC,* 447 F.3d 1138, 1144 (9th Cir. 2006). If IBM met that burden, then Asad "must prove that such a reason was merely a pretext for intentional discrimination."[3] *Id.*

Even assuming that Asad was qualified to be promoted and that he established a prima facie case of age discrimination, IBM provided legitimate non-discriminatory reasons why other candidates were promoted instead of him. IBM stated that Levy received the promotion over Asad because "she had [more extensive] experience as a second line manager, had international and field experience, ... and had experience across several product lines and solution areas." And IBM explained that Asad was not promoted to a position in the Middle East because of a lack of funding. Asad did not demonstrate that these reasons were pretextual. Thus, his age discrimination claim fails.

█ To establish a prima facie case of retaliation, Asad needed to show that "1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between [his] protected activity and the adverse employment decision."[4] *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002). Because Asad raises the argument that IBM retaliated against him by creating a hostile work environment for the first time on appeal, we treat that issue as waived. *See Connecticut General Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).

of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

2. We review a district court's decision to grant summary judgment de novo. *See Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004).

3. Although this test originated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which involved a Title VII claim of race discrimination, the test also applies in the context of age discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

4. This test is identical to a retaliation claim under the California Fair Employment and Housing Act. *See Flait v. North American Watch Corp.,* 3 Cal.App.4th 467, 4 Cal.Rptr.2d 522, 528 (1992).

IBM maintains that it terminated Asad for insubordination. We conclude that there was sufficient evidence to support IBM's position that the termination was for insubordination, and because Asad did not rebut this evidence, his retaliation claim fails.

Next, Asad maintains that the district court erred by denying his motion to extend the discovery cutoff date. "[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir.2003) (internal quotation marks omitted). Prejudice is established if there is a "reasonable probability that the outcome would have been different" had discovery been allowed. *Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir.1995) (en banc). Here, even with additional discovery, it is not reasonably probable that Asad could have shown that IBM's legitimate non-discriminatory and non-retaliatory reasons for not promoting and for terminating him were pretextual. Thus, because he cannot show prejudice, Asad's claim fails.

Finally, Asad moved the district court to allow him to file a surreply brief alleging it was IBM policy to communicate layoff information to first line managers. We review a trial court's decisions regarding management of litigation for an abuse of discretion. *See FTC v. Enforma Natural Products,* 362 F.3d 1204, 1212 (9th Cir. 2004). IBM concedes that it is IBM policy to communicate information about layoffs to first line managers. Thus, the district court did not abuse its discretion by denying Asad's motion.

**AFFIRMED.**