United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-40002
Summary Calendar

_____

BARBARA MERCER,

Plaintiff - Appellant,

v.

CAPITOL MANAGEMENT AND REALTY, INC,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Eastern District of Texas, Tyler
USDC No. 6:05-CV-404

_____

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this age discrimination case, plaintiff-appellant Barbara Mercer ("Mercer") appeals the

district court's grant of summary judgment in favor of her former employer, Capital Management

and Realty, Inc. ("Capital"). We review de novo and affirm for the following reasons:

    1.        Mercer failed to establish a prima facie case of age discrimination under the

            *McDonnell Douglas* burden-shifting test because she did not show that she was

            replaced by someone substantially younger than herself. *See O'Connor v. Consol.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

*Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S. Ct. 1307, 1310 (1996); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973). Mercer contends that she witnessed two younger employees take over her duties at the storage facility for a number of weeks. But Capital adduced evidence that the two younger employees were merely temporary and that Mercer's permanent replacements were approximately the same age as Mercer. Under the *McDonnell Douglas* framework, the plaintiff bears the burden of establishing a prima facie case. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. Mercer has offered no proof to rebut Capital's assertion that the persons replacing her were not substantially younger than she was. Therefore, Mercer has not met her burden to establish a prima facie case of age discrimination.

2.      Even if Mercer had established a prima facie case, she failed to demonstrate that the legitimate, nondiscriminatory reasons that Capital offered for her termination were pretextual. Capital asserts that Mercer failed to implement directives, secretly recorded phone calls between herself and her managers, and criticized Capital to Equity Based Services, Inc. ("EBS"), the owner of the business by, among other things, sending a fax to EBS stating that Capital would "cost [EBS] severely if something is not done very soon." These are legitimate reasons for termination.

Mercer argues that these problems derived from chain-of-command issues between EBS and Capital; however, Mercer's difficulties with the chain-of-command do not make it more likely that Capital discriminated against Mercer

2

because of her age. Mercer's strongest evidence in favor of age discrimination is that one employee witnessed the hiring of many young workers and felt that Capital was threatened by older employees; and that another employee told Mercer he heard a supervisor say that "higher-ups" wanted younger people, although the "higher-ups" were not identified. But the vague feelings of one worker and a statement by a supervisor who did not identify the "higher-ups" who allegedly wanted younger employees (thus making it unclear whether the people to whom the supervisor referred were the same people who terminated Mercer) do not sufficiently prove that Capital's proffered legitimate reasons for terminating Mercer were pretextual. Moreover, the district court did not err in holding that the "same actor inference" applies to Capital, weakening Mercer's case. Capital interviewed and hired Mercer, thus lessening any possible inference that Capital later fired her because of her age. *See Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997).

AFFIRMED.