Robert TOMPKINS, Plaintiff—
Appellant,

v.

MINERAL, COUNTY OF; et al.,
Defendants—Appellees.

No. 07–15872.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 2, 2008.

---

* The panel unanimously finds this case suitable R.App. P. 34(a)(2).
 for decision without oral argument. *See* Fed.

Thorndal Armstrong Delk Balkenbush & Eisinger, Reno, NV, Katherine F. Parks, Esq., for Defendants–Appellees.

Before: HUG, NOONAN and IKUTA, Circuit Judges.

### MEMORANDUM **

██ Tompkins's leg injury does not qualify as "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). Because running is not an activity "of central importance to daily life," it is not a major life activity. *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). That Tompkins walks with "some discomfort and a limp" does not establish his ability to walk is "substantially limit[ed]." 42 U.S.C. § 12102(2)(A). Tompkins's testimony demonstrates he is not "significantly restricted," 29 C.F.R. § 1630.2(j)(1)(ii), but rather has for years carried out professional duties and personal interests requiring walking. Tompkins thus fails to create a genuine issue of material fact as to a required element of his ADA claim, namely, whether he has a disability for purposes of 42 U.S.C. § 12102(2). Nor is the evidence sufficient to create a genuine issue of material fact as to whether Tompkins has a record of disability. *See* 42 U.S.C. § 12102(2)(B).

██ Tompkins alleges he was treated less favorably than younger deputies in violation of 29 U.S.C. § 623(a)(1), but the record does not include the ages of the employees in question. Tompkins's own testimony does not suffice because it lacks a basis in personal knowledge. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir.2001). Tompkins therefore fails to create a genuine issue of material fact as to a required element of a prima facie case for an ADEA claim, namely, that he "lost out because of his age." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (emphasis omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.